Bernard S. Meter, J.
In this action for injunction and damages, judgment is awarded defendant. Defendant, in August, 1953, signed a contract of employment with one Herman Bell, doing business as Bell Auto School. The contract provided that defendant receive “ $50 plus overtime after 6 p.m. per week,” prohibited engaging in similar business in Nassau County for a period of two years after termination of his employment, provided that it could be terminated by either party on two weeks ’ notice, that ‘ ‘ the provisions of this contract shall inure to the benefits of the successors and assigns of the party of the first part,” and that “ this agreement shall be in force as often as the party of the second part shall be in the employ of the party of the first part, whether such employment shall be continuous or not; and any re-employment, from time to time is hereby mutually recognized and accepted as a renewal of, and ancillary to, this original contract, with the same force, effect, extent and purposes as if reexecuted by each and both of said parties, without the necessity of actually executing a new contract, the provisions with the respect to time and restrictions, however, to date from the latest employment.” Defendant left BeH’s employ in August, 1956. Thereafter Bell died, his widow operated the school for a while and then transferred the business to plaintiff, also a former instructor employee, under a bill of sale dated June 24, 1957. The bill of sale did not specifically mention defendant’s employment contract or other documents as assets of the business transferred. Thereafter, in July, 1957, plaintiff employed defendant to work at the school. No mention was made of the contract at the time of that employment, nor at any time thereafter until after defendant’s discharge on February 15,1958. The reason for the discharge was plaintiff’s discovery that defendant was about to open his own school.
Defendant testified that in February, 1954, Bell changed his payment basis and abandoned the contract. He also urges that plaintiff has now shown himself to be assignee of the contract. It is not necessary to decide either question. If plaintiff is considered assignee of Bell’s rights under the restrictive covenant for the two-year period beginning with the termination of his employment in August, 1956, he cannot obtain injunctive relief because August, 1958 is long since past (Goldberg v. Goldberg, *1096 205 App. Div. 435) and cannot recover damages for that period because he has proven none. If plaintiff is considered assignee of the contract, he takes subject to any infirmity in it. Restraints in employment contracts are enforced when reasonable, but are not looked upon with favor. Reasonableness is determined by weighing the benefit to the employer against the harm to the employee and the public. A restrictive agreement-entered into for a cash consideration after termination of employment is invalid (Restatement, Contracts, § 515; Bond Elec. Corp. v. Keller, 113 N. J. Eq. 195). Applying these considerations, the court holds that the above-quoted paragraph making the contract applicable to re-employment after termination, without further agreement at the time of re-employment, and without limitation as to the time within which re-employment occurs, is invalid as against public policy. The employer can adequately protect himself by requiring the execution of a new covenant with each new employment. The employee, on the other hand, may be disproportionately harmed if such a re-employment provision is upheld.
Defendant’s counterclaim is dismissed. Concededly, any discrepancy between the $50 a week minimum and the amounts actually paid defendant would have arisen during the period the business was owned by Herman Bell. There is no showing that plaintiff assumed Bell’s liability. Any claim defendant may have would, therefore, be against Bell’s estate, not against plaintiff.
The above constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. All motions on which decision was reserved are decided accordingly.
Submit judgment dismissing the complaint and counterclaim on the merits.